[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-12345
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cr-00061-CEH-TGW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROSARIO RIVERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(March 28, 2016)

Before MARTIN, JORDAN and JULIE CARNES, Circuit Judges.

PER CURIAM:

Rosario Rivera appeals his conviction for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Rivera argues that the district court erred in denying his motion to suppress evidence of the firearm because it was seized during an illegal search of his backpack in violation of the Fourth Amendment.  After careful review, we affirm.

I.

In October 2013, Rivera had an outstanding arrest warrant for a domestic battery that occurred on October 2.  The arrest warrant stated that the battery involved a firearm not yet recovered.  Rivera's victim "made it clear [to the police] that [Rivera] still had the firearm with him" after the assault.  She also told them that Rivera was likely staying with his sister.

On October 17, officers set up surveillance at Rivera's sister's residence. Shortly after 8:30 pm, a car arrived and Rivera got out of the front passenger seat, went to the trunk, and started to take out a backpack.  At that point, Deputy David Clark announced himself and pointed his gun at Rivera.  Rivera dropped the backpack into the trunk and, despite commands to get on the ground, began "side-stepping" towards the house.  He also gave a false name to the officers and insisted that he hadn't done anything as he continued moving towards the house.  At the same time, the car's driver began moving in reverse away from the residence with the trunk still open.  The police stopped the car and detained the driver.  After

2

arresting and searching Rivera, the officers searched the backpack, finding two firearms and items with Rivera's name on them.

## II.

A warrantless search or seizure is "per se unreasonable under the Fourth Amendment unless it falls within one of several specifically established and well-delineated exceptions." Holmes v. Kucynda, 321 F.3d 1069, 1082 (11th Cir. 2003). Evidence obtained from an unreasonable search may sometimes be suppressed at trial under the exclusionary rule. Davis v. United States, 564 U.S. 229, __, 131 S. Ct. 2419, 2426 (2011).

"Because rulings on motions to suppress involve mixed questions of fact and law, we review the district court's factual findings for clear error, and its application of the law to the facts de novo." United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000). We construe all facts in the light most favorable to the prevailing party below. Id. We give substantial deference to the factfinder—the district court in this case—in reaching credibility determinations. United States v. McPhee, 336 F.3d 1269, 1275 (11th Cir. 2003). "[W]e may affirm the denial of a motion to suppress on any ground supported by the record." United States v. Caraballo, 595 F.3d 1214, 1222 (11th Cir. 2010).

III.

The district court found that Rivera did not have standing to challenge the search because he did not have a reasonable expectation of privacy in a backpack in the trunk of another person's car.  See Rakas v. Illinois, 439 U.S. 128, 143, 99 S. Ct. 421, 430 (1978) ("[A] person who claims the protection of the [Fourth] Amendment [must have] a legitimate expectation of privacy in the invaded place.").  Even if Rivera did have a reasonable expectation of privacy, the district court found that Rivera abandoned the backpack by dropping it back into the car and physically distancing himself from it while giving a false name.  See United States v. McKennon, 814 F.2d 1539, 1545–46 (11th Cir. 1987) (per curiam) ("Legitimate expectations of privacy can be abandoned. . . .  Whether an abandonment has occurred is a question of intent which can be inferred from words, acts and other objective facts." (citations omitted)).

Even if we assume (without deciding) that Rivera had a reasonable expectation of privacy in the backpack and that he did not abandon it, "[t]he police may search an automobile and the containers within it where they have probable cause to believe contraband or evidence is contained."  California v. Acevedo, 500 U.S. 565, 580, 111 S. Ct. 1982, 1991 (1991).  This search may extend to the trunk of a vehicle.  See id.  Probable cause exists "when under the totality of the circumstances, there is a fair probability that contraband or evidence of a crime

4

will be found in the vehicle." United States v. Tamari, 454 F.3d 1259, 1264 (11th Cir. 2006) (quotation omitted). "We review de novo a probable cause determination." United States v. Lebowitz, 676 F.3d 1000, 1010 (11th Cir. 2012) (per curiam).

The district court did not err in finding that there was probable cause to search the backpack. The police had a warrant to arrest Rivera for a crime involving a firearm. According to the victim, Rivera took the firearm with him when he left her home. A background check revealed that Rivera was a convicted felon, and so his possession of a firearm violated 18 U.S.C. § 922(g).

During the October 17 encounter, at least one officer saw Rivera start to remove the backpack from the trunk, only to drop it back in once the police announced themselves. Rivera then began moving away from the car while giving a false name. Simultaneously, the car's driver started reversing away from the residence with the trunk still open.

The police did not find a firearm on Rivera after arresting him. At the time of the search, the police also knew he did not have a residence of his own and moved between his girlfriend's and his sister's homes, the latter of which was the location of his arrest. Under the totality of the circumstances, including Rivera's conduct when he encountered the police, there was probable cause to believe the

5

firearm might be in the backpack that Rivera dropped into the trunk.  We affirm the district court's denial of Rivera's motion to suppress.

**AFFIRMED.**